**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

FILED

October 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

PAMELA G. MASSENGILL,                )
                                     )
        Plaintiff/Appellee,          )
                                     )        Chester Juvenile No. 93-52
vs.                                  )
                                     )
STANLEY KEITH STEWART,               )        Appeal No. 02A01-9612-JV-00309
                                     )
        Defendant/Appellant.         )

APPEAL FROM THE JUVENILE COURT OF CHESTER COUNTY
AT HENDERSON, TENNESSEE

THE HONORABLE HOWARD BAILEY, JUDGE

For the Plaintiff/Appellee:              For the Defendant/Appellant:

John Van Den Bosch, Jr.                  Lloyd R. Tatum
Jackson, Tennessee                       Henderson, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

**OPINION**

This is a child custody case between parents who have never been married to each other. The trial court awarded custody to the mother, with liberal visitation to the father. We affirm.

The Appellee, Pamela G. Massengill ("Massengill") and the Appellant, Stanley Keith Stewart ("Stewart") became romantically involved around 1990. Stewart moved into Massengill's residence in 1992 after Massengill gave birth to a child fathered by Stewart. Two years later Massengill gave birth to another child fathered by Stewart. Soon thereafter the couple's relationship terminated and Stewart moved out of the home. Stewart moved into his parents' home to live with them. Massengill remained in her home with the parties' two sons.

The older child was legitimated in 1993 and it was established that Stewart was the father. An order establishing Stewart as the father of the parties' younger child was entered in February, 1996.

The parties entered into a separation agreement in 1995. The agreement provided for joint custody of the two children and obligated Stewart to pay child support. The record does not indicate that this agreement was court approved. Subsequently, Stewart took the oldest child to his parents' home and refused to return him to Massengill. Massengill then filed a petition for contempt, for violation of the parties' separation agreement, stating that Stewart had taken the oldest child and alleging that she was not allowed to visit or talk with him. Stewart responded by filing a petition for custody of both children.

At the trial in this cause, Stewart claimed that the best interest of the children would be served by awarding him custody. Stewart accused Massengill of being an habitual drug user, who regularly smoked crack cocaine and marijuana in the presence of the children. Stewart stated that Massengill had permitted her older son Antonio to babysit the parties' two children, and that Antonio had been incarcerated for possession of crack cocaine.

Stewart also claimed that Massengill did not maintain her home in a habitable condition. Stewart contends that on one occasion in November Massengill's utilities were cut off and her home was extremely cold. Stewart alleges that this problem was not cured for several days. Stewart noted that Massengill does not own basic amenities, such as a telephone or an automobile.

In contrast, Stewart argued his parents' home has a swimming pool, a fishing pond, and a spacious back yard, and would be a better environment for the children. Stewart's parents desire to help rear the children.

Massengill disputes Stewart's allegations that she is a drug user. Massengill testified that she had not smoked marijuana in over a year and had not smoked crack cocaine since undergoing rehabilitation in 1988 or 1989. Massengill and other witnesses testified that Stewart abused alcohol. Massengill conceded that she had let Antonio babysit for a period of time when her regular babysitter was unable to work. She maintained that he was fit to do so. She denied that her utilities had been turned off.

Massengill noted that her living conditions were the same as they were during the approximately three years in which Stewart lived with her. She also observed that Stewart's speculative testimony was the only evidence of her alleged drug use.

Without explaining its reasoning, the trial court granted custody of the children to Massengill and granted Stewart "reasonable and liberal visitation" privileges. The trial court also ordered Massengill to receive counseling from Home Ties and the Carl Perkins Child Abuse Prevention Center. From this order, Stewart now appeals.

On appeal, Stewart asserts that the trial court erred in granting custody of the children to Massengill. Stewart argues that the trial court issued a contradictory ruling, implicitly finding Massengill to be unfit by ordering her to seek counseling, but nevertheless awarding custody to her.

Our review of the trial court's findings of fact is *de novo* on the record, accompanied by a presumption of correctness of the trial court's factual findings. Tenn. R. Civ. P. 13(d). In matters relating to child custody,

> Trial courts are vested with wide discretion . . . and the appellate courts will not interfere except upon a showing of erroneous exercise of that discretion. . . . In custody cases, the welfare and best interests of a child are of paramount concern. A determination of a child's best interests must turn on the particular facts of each case.

*Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. App. 1993) (citations omitted). The determination of which parent is more suitable is termed the "doctrine of comparative fitness." *Bah v. Bah,* 668 S.W.2d 663, 666 (Tenn. App. 1983).

Many of the pertinent facts in this case are in sharp dispute, such as whether Massengill uses illegal substances and whether she provides a suitable home for the parties' children. These issues turn on the credibility of the parties and the witnesses. The trial court saw and heard the testimony of both parents, as well as other witnesses. Where issues of credibility are involved, the

2

determination of the trial court must be accorded "considerable deference." ***Tenn-Tex Properties v. Brownell-Electro, Inc.,*** 778 S.W.2d 423, 425-26 (Tenn. 1989).

Moreover, it is undisputed that Stewart obtained possession of the parties' oldest son and refused to permit his return to Massengill for a considerable time. Where one parent seeks to alienate a child from the other parent and actively interferes with the child having a loving relationship with the other parent, this is a factor that may be taken into account in determining custody. *See Varley v. Varley*, 934 S.W.2d 659 (Tenn. App. 1996). It is in the best interest of the children to maintain a loving relationship with both parents, and the evidence justifies the conclusion that this is best accomplished by awarding custody of the children to Massengill.

Stewart notes that Massengill was ordered to undergo counseling for the prevention of child abuse. The only evidence in the record regarding potential abuse related to Massengill's son Antonio being permitted to babysit the parties' sons. While Antonio's incarceration is cause for concern, there was no evidence of inappropriate behavior or abuse of the children. The trial court's decision appears to strike the appropriate balance.

In sum, many of the issues turn on the trial court's assessment of the credibility of the witnesses, a determination which is accorded considerable deference by this Court. It is undisputed that Stewart took possession of one of the parties' sons and refused to return him to Massengill, and this fact mitigates in favor of an award of custody to Massengill. The order that Massengill undergo counseling appears to be a preventative measure, as the record contained no evidence of abuse of the children. Therefore, from our review of the record as a whole, the evidence does not preponderate against the trial court's award of custody to Massengill.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.

                                                                **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

3